**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CHRISTIE SPRY, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> - v - <br><br> TARGET CORPORATION, <br><br> Defendant. | No. _____ <br><br> **COLLECTIVE ACTION COMPLAINT** |

## INTRODUCTION

Plaintiff Christie Spry ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint (the "Complaint") against Defendant Target Corporation ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on Plaintiff's personal knowledge and belief and upon information made known to Plaintiff.

## NATURE OF THE ACTION

1. Plaintiff Christie Spry alleges on behalf of herself and other current and former Executive Team Leaders, and similarly situated current and former employees holding comparable positions but different titles (collectively, "ETLs")[1], employed by

---

[1] The proposed collective includes all ETL designations and titles other than the following: ETL Human Resources, ETL Asset Protection, ETL Remodel, and ETL Logistics in a store with an ETL Replenishment.

1

Defendant in the United States and who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia* ): (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The specific putative FLSA Collective is defined in paragraph 42, below.

2. Retail employers must pay overtime to their assistant managers unless their primary duty is management. 29 C.F.R. § 541.100. "[I]f the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register . . . are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement." 29 C.F.R. § 541.700(c).

3. Defendant assigns non-management work to its ETLs, including Plaintiff, which generally takes up more than 50% of their time, closely supervises their work, and pays them only a little more than its non-exempt employees. It schedules them to work 47.5 hours or more each week, but schedules so few hourly staff that in fact they regularly work 50-65 hours or even more per week. Target classifies all of its ETLs as exempt "executives" and does not pay them overtime for hours worked beyond forty (40) in a workweek.

## **<u>JURISDICTION AND VENUE</u>**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28

U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. §1332.

5. Defendant is subject to personal jurisdiction in the State of Minnesota.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because Defendant resides and conducts business in this District and because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### THE PARTIES

a. **Plaintiff**

8. Christie Spry is an individual residing in Philadelphia, PA. From on or about May 2023 to April 2025, Plaintiff Spry worked in excess of 40 hours per workweek without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal law.

b. **Defendant**

9. Defendant Target Corporation is a corporation organized and existing under the laws of the state of Minnesota. Its principal place of business is located at 1000 Nicollet Mall, Minneapolis, MN.

10. Defendant owns and operates retail department stores throughout the United States. According to its most recent 10-Q SEC filing, dated November 26, 2025[2], Target operates a chain of 1,995 stores with locations in all 50 U.S. states and the District of

---

[2] https://corporate.target.com/investors/sec-filings (last visited March 24, 2026).

3

Columbia.[3]

11.     At all times relevant herein, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).  Defendant employed Plaintiff and all other ETLs in the states in which they work.

12.     At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

13.     At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Target has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.[4]

14.     At all times relevant herein, Plaintiff and all similarly situated ETLs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15.     Defendant issued paychecks to Plaintiff, and all similarly situated employees during their employment.

16.     Defendant suffered, permitted or directed the work of Plaintiff and similarly

---

[3] https://corporate.target.com/about/locations#:~:text=We%20opened%20our%20very%20first,our%20first%20store%20in%20Vermont (last visited March 24, 2026).
[4] https://corporate.target.com/investors/sec-filings (last visited March 24, 2026).

situated employees, and Defendant benefited from work performed by Plaintiff and similarly situated employees.

17.    Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

**STATEMENT OF FACTS**

18.    Defendant employs ETLs in all of its stores nationwide.

19.    Although there are categories of ETLs that focus on different areas of the store, the basic duties of ETLs in the proposed collective are similar.  An ETL's primary duty is to perform mostly the non-exempt labor of the stores in which they work, including unloading trucks, unpacking merchandise, filling on-line orders, stocking shelves, assisting customers and operating cash registers.

20.    Target classifies all ETLs as exempt from overtime, pays them a flat weekly salary, and does not pay them overtime compensation for the hours they work over 40 in a week.

21.    Target sets payroll budgets for each store each week.  Target tracks each store's payroll each week and each month to determine if that store is keeping its payroll under the budget Target set.  Each store is required to use its ETLs to do hourly work in order to meet its payroll budget obligations.

22.    All Target stores were headed by a Store Team Leader ("STL")[5].  More

---

[5] In more recent years, Target has begun referring to Store Team Leaders as "Store

recently, Store Team Leads have been titled "Store Directors" or "SDs." For purposes of this Complaint, ETLs report to the Store Team Leader along with other employees in the stores who are paid on an hourly basis, including Senior Team Leaders and Team Leaders.

23.    Target uses cost-saving practices designed to minimize hourly payroll expenses.  One practice is to send hourly associates home before the end of their shifts and to refrain from replacing associates when they fail to show up for work.  Target then requires the ETLs to finish the hourly tasks of the hourly associates who had been scheduled but were sent home early or not replaced.

24.    Defendant requires all ETLs to report directly to a Store Director, who is the real management authority of the store.

25.    Defendant usually schedules ETLs to work 47.5 hours per week but ETLs frequently work well over 50 hours per week.

26.    Defendant set payroll budgets for their stores that are so low that there is not enough hourly staff available to allow the ETLs to spend most of their time managing.  For this and other reasons, Defendant usually requires ETLs to work more than the 47.5 hours that they were scheduled to work.

27.    Defendant closely monitors the work performed by ETLs to ensure compliance with corporate directives.  Store Directors monitor the work ETLs perform each day and measure the performance of ETLs each year in evaluations which reflect how closely the ETLs work performance adheres to Target's expectations.

---

Directors" or "SDs." For purposes of this Complaint, STLs and SDs refer to the same position – the head of an individual Target location.

28.     Defendant uses common performance measurement standards to measure the performance of ETLs.

29.     Target uniformly trains its ETLs through common training materials.

30.     Defendant classifies all ETLs as exempt from the overtime requirements of the FLSA regardless of store location, sales volume, store size, climate, prior or current experience, number of ETLs or other employees in a store, the shift they worked, or other factors.

31.     The job descriptions for each ETL position are similar, regardless of the store location, store size, sales volume, staffing levels, or any other material factor.

32.     Defendant posts job openings on the internet which describe the duties of ETLs.  Each posting, no matter where the job is located, indicates that they expect ETLs to perform manual labor including "[s]can, handle and move merchandise efficiently and safely, including frequently lifting or moving merchandise up to 15 pounds and occasionally lifting or moving merchandise up to 40 pounds. Accurately handle cash register operations."

33.     While Defendant assigns some management duties to ETLs, those duties are routine, and are closely and directly supervised by their superiors.  ETLs are not given significant discretion to manage and their management work is not more important than their non-management work.

34.     ETLs do not spend most of their time on exempt tasks.  Instead, most of their time is spent performing non-exempt duties, such as unloading freight, stocking shelves, filling on-line orders, ensuring that the merchandise was arranged according to company

standards, performing recovery, counting inventory, and organizing the store.

35.     The non-exempt duties that ETLs perform are more important to the Defendant's business model than the exempt duties that they are required to perform.

36.     Defendant closely and directly supervises ETLs through metrics, periodic inspections, audits and annual reviews.  Store Directors also inspect ETL work on a daily basis.

37.     Defendant pays the ETLs only a little more than the hourly workers in the stores, if those workers worked the same number of hours that the ETLs did, overtime included.

38.     Defendant classifies their ETLs as exempt executives in conscious disregard of the facts and the law.  Defendant has, at all times, been fully aware that the primary duty of the ETLs is not management and that the law does not permit employers to classify employees as exempt executives unless their primary duty is management.  Defendant is also aware that ETLs work more than 50 hours per week without overtime pay.

39.     Notwithstanding this knowledge, Defendant classified Plaintiff and all ETLs as exempt executives in conscious disregard of their right to be paid overtime pay, which was, at a minimum, a knowing or reckless disregard and without good cause to believe that its classification of ETLs exempt was lawful.

40.     As a result of Defendant's willful violations of the FLSA requiring overtime to be paid, Plaintiff and all other similarly situated ETLs have suffered damages in that they have not received proper compensation.

## THE NATIONWIDE FLSA COLLECTIVE ACTION

41.    Plaintiff Spry restates and incorporates by reference the above paragraphs as if fully set forth herein. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff Spry seek to prosecute her FLSA claims as a Collective Action on her behalf and on behalf of all persons who are or were formerly employed by Target as ETLs, and individuals holding comparable salaried positions but with different titles, within the United States at any time from three years from the date of the filing of this Complaint to the entry of judgment in this case (the "Collective Action Period").

42.    The putative FLSA Collective is defined as follows:

**All persons employed by Target as an Executive Team Leader ("ETL") (but not as an ETL Human Resources, ETL Asset Protection, ETL Remodel, or ETL Logistics in a store with an ETL Replenishment) at any time from March 24, 2023, to the present, and who was not a potential collective member who received the Court-authorized notice in** *Babbitt, et al., v. Target Corp.***, 20-CV-00490 DWF-ECW (D. Minn.) or** *Jibowu, et al. v. Target Corp.***, 24-CV-04189 DWF-ECW (D. Minn.).**

43.    Plaintiff Spry and the other ETLs are similarly situated in that they are all subject to Defendant's common plan or practice of designating them as exempt from the overtime requirements of the FLSA, when in fact their work is not exempt, and when Defendant knew that ETLs worked overtime hours.

44.    Upon information and belief, there are likely thousands of similarly situated current and former ETLs who have not been paid overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).  Plaintiff Spry has signed a consent to join form which is

attached as **Exhibit A** hereto.

45.    The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CAUSES OF ACTION

**COUNT ONE:**    **FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. § 201, *et seq.* (Brought by Plaintiff Spry on her Behalf and that of the Putative Collective.)**

46.    Plaintiff Spry, on behalf of herself and the members of the Collective, reallege and incorporate by reference the above paragraphs 1-45 as if they were set forth again herein.

47.    The FLSA, 29 U.S.C. § 201, *et seq.*, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

48.    Defendant suffered and permitted Plaintiff Spry and the members of the Collective to routinely work more than forty (40) hours in a workweek without overtime compensation.

49.    Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff Spry and the other similarly situated individuals their required overtime compensation.

50.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Spry and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.  Plaintiff Spry and the other similarly situated

individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

51.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Collective are entitled to and pray for the following relief:

A.  Designation of this action as a collective action on behalf of Plaintiff Spry and those similarly situated in the Collective, as defined above, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.  A finding that Plaintiff Spry and the Collective are non-exempt employees entitled to protection under the FLSA;

C.  A finding that Defendant violated the overtime provisions of the FLSA;

D.  Judgment against Defendant in the amount of Plaintiff Spry and the Collective's unpaid back wages at the applicable overtime rates;

E.  An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest as provided by the claims asserted herein;

F.  An award of attorneys' fees and costs incurred in prosecuting this action;

G.  Leave to add additional plaintiffs and claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.  For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff and the Collective demand a trial by jury by all issues so triable.

Respectfully submitted,

Dated: March 24, 2026

s/Rachhana T. Srey
Rachhana T. Srey, MN Bar # 0340133
**NICHOLS KASTER, PLLP**
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca Predovan*
**HEPWORTH, GERSHBAUM**
**& ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 545-1199

Seth R. Lesser*
Christopher M. Timmel*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

Richard E. Hayber*
**HAYBER, MCKENNA, &**

12

**DINSMORE,LLC**
750 Main Street, Suite 904
Hartford, CT 06103
Fed Bar No.: ct11629
(860) 522-8888 telephone
(860) 218-9555 facsimile

Michael A. Galpern*
Amy C. Winters*
**JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100

*Pro hac vice motions forthcoming