**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TAMMY BABBITT and WILLIAM CARTER, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

v.

TARGET CORPORATION,

Defendant.

0:20-cv-00490 (DWF/ECW)

EMANUEL BECERRA, MARIJKE MYLAND, KRISTA IVY, TINA MCBRIDE, LESLIE CUSSE, and DAVID HARRIS, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

v.

TARGET CORPORATION,

Defendant.

0:25-cv-00535 (DWF/ECW)

CHRISTIE SPRY and MICHAEL ARILOTTA, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

v.

TARGET CORPORATION,

Defendant.

0:26-cv-02027 (DWF/ECW)

# JOINT STATUS REPORT

As directed by this Court, plaintiffs Tammy Babbitt and William Carter (in *Babbitt v. Target Corp.*), plaintiffs Emanuel Becerra, Marijke Myland, Krista Ivy, Tina McBride, Leslie Cusse and David Harris (in *Becerra v. Target Corp.*), plaintiffs Christie Spry and Michael Arilotta (in *Spry v. Target Corp.*) and defendant Target Corporation ("Target") submit this joint report for the status conference scheduled in the three cases for October 27, 2026.

## I. *Babbitt*

### A. Status of Discovery Responses

The second phase of discovery commenced in December 2025. Target served interrogatories and document requests on 346 randomly selected opt-ins (10% of the total number of opt-ins per ECF No. 363). The parties agreed to a schedule under which 30 Plaintiffs would respond to Target's interrogatories and document requests each month. Plaintiffs have continued to serve opt-in responses on that rolling schedule, including productions on September 25 and a supplemental production on October 16, 2026. To date, 164 opt-ins have provided written responses to discovery.

The Court has entered orders granting Target's motions to dismiss certain non-responsive opt-in plaintiffs (*see* ECF No. 601), and Target filed a further such motion on October 9, 2026. Target has served discovery requests on replacement opt-ins drawn from the random selection list, and Plaintiffs' counsel continue their outreach to opt-ins who have not yet completed their responses.

### B. Target's Anticipated Discovery Motion

As addressed in the parties' previous joint status report, since May 2026, the parties have been meeting and conferring over the scope of Plaintiffs' responses and productions to Target's discovery requests. Plaintiffs served the agreed supplemental responses. Upon review of Plaintiffs' October 16 supplementation, the issues in dispute have significantly narrowed, but Target has determined that certain responses and productions remain deficient. Plaintiffs' position is that the opt-ins have responded to Target's requests to the best of their knowledge and recollection and have provided extensive supplementation to avoid motion practice and to address all legitimate concerns. Pursuant to the Court's instructions, Target anticipates it will file a motion to compel on November 6, 2026, with Plaintiffs' opposition due November 13, 2026, and a hearing on December 2, 2026.

**C. Plaintiffs' Concerns with Target's Corporate Discovery Responses**

On April 9, 2026, Plaintiffs raised a question about Target's response to Interrogatory 12 in the First Set of Second Discovery Phase Interrogatories, which seeks pay data, in Excel format, for the Plaintiffs and all opt-in plaintiffs. Plaintiffs identified the categories of data they wished to obtain. After meeting and conferring, Target agreed to investigate whether it would be possible to create a document that includes all the data Plaintiffs requested, in the format requested. On August 12, 2026, Target provided a sample document with pay data for three opt-ins in a format it believes resolves Plaintiffs' concerns. On October 19, 2026, Plaintiffs advised Target that the sample format is generally acceptable and requested two refinements before Target assembles the data for the full collective. The parties continue to confer on these two rather finite points, but anticipate concluding these discussions before the October 27, 2026 conference.

On September 14, 2026, Plaintiffs sent a letter to Target outlining what Plaintiffs contend are deficiencies in Target's April 6, 2026 responses to Plaintiffs' First Set of Second Phase Interrogatories and Requests for Production and Target's August 4, 2026 responses to Plaintiffs' Second Set of Second Phase Requests for Production and Third Set of Second Phase Interrogatories. The parties met and conferred on October 7, 2026, and Plaintiffs memorialized the conferral on October 14, 2026. On October 16, 2026, Target advised that it would send a written response the week of October 19 stating its position on each item in the September 14 letter; that has not yet occurred and thus the parties' conferrals are ongoing. Plaintiffs will review Target's written response when received and, consistent with the Court's guidance at the September 24 conference, will advise the Court on October 27 whether further conferral is likely to be productive or whether motion deadlines should be set.

**D. Corporate ESI Protocol and Identification of Pre-2018 Custodians**

On August 17, 2026, the Court held a conference on the parties' three remaining disputes concerning the ESI protocol for Second Phase corporate discovery (ECF Nos. 542, 550, 560, 562, 574). At that conference, Target agreed to identify by September 15, 2026, the pre-2018 corporate custodians involved in the ETL exempt classification and Target's other affirmative defenses. Plaintiffs believe Target represented that this resolved Dispute No. 3 in Plaintiffs' July 29, 2026 submission (ECF No. 562). On September 15, 2026, Target provided a list of fourteen individuals and the identities of seventeen predecessors, the parties dispute whether this list represented the identification of the pre-2018 corporate custodians involved in the ETL exempt classification and Target's other affirmative defenses. Plaintiffs raised

concerns as information related to custodians that were considered in developing the ESI protocol for the corporate custodians changed without those changes being identified. The parties exchanged correspondence on September 17 and 23 and October 13 and 16, 2026, and conferred on October 5, 2026.

Plaintiffs' are in the process of evaluating Target's October 16, correspondence to determine whether further conferral is needed and will advise the Court on October 27 whether Dispute No. 3 remains unresolved and, if so, will file their motion on November 6, 2026 on the schedule the Court has set. Plaintiffs reserve the right to seek modification of the corporate custodian protocol and other appropriate relief. The parties will continue their efforts to narrow or resolve the dispute before the October 27 status conference.

### E. Plaintiffs' 30(b)(6) Notice

On June 26, 2026, Plaintiffs informed Target they intend to take a Fed. R. Civ. P. 30(b)(6) deposition, and listed 50 topics they intend to pursue. Target served objections and responses to the topics on August 14, 2026. The parties met and conferred on August 19, 2026, and on September 29, 2026. Target served amended objections and responses to Plaintiffs' Rule 30(b)(6) topics on October 7, 2026. Plaintiffs are reviewing the amended responses and will respond to Target.

## II. *Becerra*

### A. ESI Protocol – Paragraph 8(d)

Pursuant to the Court's instructions, the parties filed letter briefs in support of their respective positions regarding Paragraph 8(d) of the ESI protocol for this matter (*Becerra*, Dkt. 129-1). *See* Dkts. 154, 155. Paragraph 8(d) governs the production of the ETL self-audit

materials that Target hyperlinked, rather than attached, in emails sent from its hr.compliance and wageandhour.hr shared mailboxes, and how the parties will identify which produced document corresponds to which link. The parties will be prepared to address this dispute at the October 27 status conference, if no decision is issued before that date.

### B. ESI Search Terms

Target believes the parties should begin addressing ESI search terms and protocol when the ESI custodian issues in *Babbitt* are resolved, and that the ESI search terms negotiated and agreed to in *Babbitt* should apply in *Becerra*.

Plaintiffs' position is that search terms cannot be negotiated in a vacuum. Search terms are linked to the corporate discovery Target produces, the custodians Target identifies, and Target's responses to Plaintiffs' corporate interrogatories. No substantiative discovery has yet been served in *Becerra*, and until that information is received, negotiating search terms is premature. The corporate search terms in *Babbitt* were the product of compromises tied to particular custodians and hit reports, and after the parties agreed on those terms Target revised its custodian list, removing one custodian, adding others not previously disclosed, and changing the employment dates and titles of several more. Plaintiffs cannot evaluate whether the *Babbitt* terms translate to *Becerra* without knowing who the *Becerra* custodians will be and what the hit reports show. Plaintiffs will confer with Target on an ESI protocol for *Becerra* once discovery has been served and Target has identified its custodians and responded to Plaintiffs' corporate interrogatories.

## III. *Spry*

On August 19, 2026, Target filed a renewed motion to dismiss Plaintiff Christie Spry's FLSA claim against Target. Target's motion also sought to strike, or in the alternative to stay, the amended complaint's FLSA collective allegations. Plaintiffs filed their opposition on September 9, 2026 (ECF Nos. 49, 50), and Target filed its reply on September 23, 2026. This matter is fully briefed and Judge Frank will hear the motion on October 27, 2026 at 1:30 p.m. (ECF No. 57).

## IV. Conclusion

The parties thank the Court for its attention to these matters and look forward to addressing any questions the Court may have regarding the status of these cases.

Dated: October 20, 2026

By: *<u>/s/ Rebecca S. Predovan</u>*

REBECCA S. PREDOVAN
(admitted *pro hac vice)*
MARC S. HEPWORTH
(admitted *pro hac vice)*
CHARLES GERSHBAUM
(admitted *pro hac vice)*
DAVID A. ROTH
(admitted *pro hac vice)*
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
marc@hgrlawyers.com

Dated: October 20, 2026

By: *<u>/s/ Courtney L. Burks</u>*

JOSEPH G. SCHMITT
CHRISTOPHER A. AMUNDSEN
COURTNEY L. BURKS
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, Minnesota 55401
Telephone: (612) 305-7500
Fax: (612) 305-7501
jschmitt@nilanjohnson.com
camundsen@nilanjohnson.com
cburks@nilanjohnson.com

JEFFREY D. WOHL
(admitted *pro hac vice*)
NILAN JOHNSON LEWIS PA

cgershbaum@hgrlawyers.com
rpredovan@hgrlawyers.com
droth@hgrlawyers.com

SETH R. LESSER
(admitted *pro hac vice)*
CHRISTOPHER M. TIMMEL
(admitted *pro hac vice)*
JESSICA RADO
(admitted *pro hac vice)*
KLAFTER LESSER LLP
2 International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
seth@klafterlesser.com
Christopher.timmel@klafterlesser.co
m
Jessica.rado@klafterlesser.com

MICHAEL A. GALPERN
(admitted *pro hac vice*)
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS PC
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road
Suite 203
Vorhees, New Jersey 08043
mgalpern@lawjw.com

RACHHANA T. SREY
NICHOLS KASTER PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-256-3200
srey@nka.com

*Attorneys for Plaintiffs*

398 Primrose Road, Suite 225
Burlingame, CA 94010
Phone: 650-437-7042
Fax: 612-305-7501
jwohl@nilanjohnson.com

SARA B. TOMEZSKO (admitted *pro hac vice)*
DANIEL RICHARDS (admitted *pro hac vice)*
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
saratomezsko@paulhastings.com
danrichards@paulhastings.com

*Attorneys for Defendant*
TARGET CORPORATION